UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEREMIAH LITTLE,<br><br>                Plaintiff,<br><br>    vs.<br><br>RAPID CITY REGIONAL WEST<br>HOSPITAL and<br>PENNINGTON COUNTY SHERIFFS,<br><br>             Defendants. | CIV. 16-5065-JLV<br><br><br>ORDER DISMISSING CASE |

On July 28, 2016, plaintiff Jeremiah Little filed a complaint against defendants pursuant to 42 U.S.C. § 1983.   (Docket 1).   The court granted Mr. Little leave to proceed *in forma pauperis* and he paid the initial partial filing fee.   ((Dockets 9 & 11).

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.   This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee."   Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)).   During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).   The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute

accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Because Mr. Little is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Mr. Little filed an amended complaint.   (Docket 6).   The amended complaint, however, is a photocopy of his original complaint.   For this opinion, the court will cite to the original complaint.   Mr. Little used a Civil Rights Complaint By A Prisoner form.   (Docket 1).   Under Section A. Jurisdiction, Mr. Little checked the boxes asserting jurisdiction under 1(a) 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983; and 1(b) 28 U.S.C. § 1331.[1]   Id. at p. 1      ¶ (A)(1)(a) and (b).

Mr. Little's complaint contains three counts.   Counts 1 and 2 raise essentially the same claim.   In Counts 1 and 2, Mr. Little alleges he was housed in the Rapid City Regional Hospital Regional West Behavior Health Department ("the hospital") under the "medical privacy act of mental health behaviors." (Docket 1 at p. 4).   He alleges the hospital wrongfully disclosed his confidential information to the Pennington County Sheriff's Office, which then seized Mr.

---

[1]Mr. Little struck through the phrase "Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)."   (Docket 1 at p. 1 ¶ A(1)(b)).

2

Little and imprisoned him.   Id.   He alleges he had signed a "privacy act agreement" which stated the hospital could not disclose his "confidential behavior health securement."   Id.

In Count 3, Mr. Little alleges the defendants violated his Eighth Amendment rights by interfering with and interrupting his behavior health treatment.   Id. at p. 6.   He alleges he was arrested in the middle of a mental health assessment and was unable to finish that evaluation.   Id.

In the Request For Relief, Mr. Little asks that he be returned to the custody of tribal authorities so he can finish mental health treatment.   Id. at p. 7.   He seeks money damages of $500,000 from each defendant and that damages also be paid to his children because they did not receive his support.   Id.   Finally, he requests that his delinquent child support payments be quashed.   Id.

Mr. Little fails to state a claim upon which relief may be granted.   Even with a liberal construction, "a pro se complaint must contain specific facts supporting its conclusions."   Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013).   A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Mr. Little's complaint fails to meet this standard.   He does not explain which of his constitutional rights were violated.   He mentions the Privileges and

Immunities and Equal Protection Clauses of the Fourteenth Amendment, but does not explain how these clauses were violated.

Mr. Little also fails to explain *how* his constitutional rights were violated. While there may be a situation in which disclosure of medical information violates some constitutional right, Mr. Little does not explain how that happened here. "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." Id. (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)). Mr. Little's claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

The court finds plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court previously assessed a "first strike" against Mr. Little in Little v. State of South Dakota, et. al, Civ. 14-5069-JLV (D.S.D. November 17, 2014) (Docket 5 at p. 8). Accordingly, it is

4

ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), Mr. Little's complaint (Docket 1) is dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that this action constitutes a second strike against Mr. Little for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated November 30, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

5